# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

U.S. District Court
Wisconsin Eastern

MAY 18 2026

FILED
Clerk of Court

**Travis D. Swenby,**
Plaintiff,

v. Case No. _____

**Shawano County; Shawano County Sheriff's Department; John Doe Deputies; et al.,**
Defendants.

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

**Jury Trial Demanded**

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Shawano County, Wisconsin, within the Eastern District of Wisconsin, Green Bay Division.

## II. PARTIES

4. Plaintiff Travis D. Swenby is a resident of Wisconsin and brings this action pro se.
5. Defendant Shawano County is a municipal entity organized under Wisconsin law.

6. Defendant Shawano County Sheriff's Department is a governmental law enforcement agency operating under color of state law.
7. Defendants John Doe Deputies are unknown individuals acting under color of state law and/or in coordination with county officials.

# III. STATEMENT OF FACTS

8. On or about **January 26, 2024**, Plaintiff lawfully possessed personal property located at **Lot 576, N2688 County Rd Y, Shawano County, Wisconsin**.
9. Plaintiff lawfully possessed and stored the property at the location as an occupant and/or authorized user at the time of the incident.
10. Plaintiff was not a party to any court order authorizing seizure or disposal of Plaintiff's personal property.
11. Plaintiff does not challenge the validity of any state court eviction judgment and brings this action solely regarding the handling of Plaintiff's personal property during enforcement of that process.
12. On or about **January 26, 2024**, Defendant(s) arrived at the property location at approximately **9:00 a.m. to 10:00 a.m.**
13. Defendants, acting under color of state law, removed, seized, and/or disposed of Plaintiff's personal property without providing notice, hearing, or lawful justification specific to Plaintiff's property.
14. Plaintiff's property included, but was not limited to: **everything present at the location**.
15. Plaintiff did not consent to the seizure, removal, or destruction of the property.
16. At no time was Plaintiff provided a meaningful opportunity to contest the deprivation prior to or during the seizure.
17. At the time of the removal, Defendants did not provide Plaintiff with any warrant, court order, inventory, or written explanation identifying any legal authority authorizing the seizure, destruction, or disposal of Plaintiff's personal belongings.
18. Plaintiff was not informed of any statute, court directive, or judicial authorization specifically permitting the taking of Plaintiff's property, nor was Plaintiff given an opportunity to separate or recover his belongings prior to their removal.
19. As a result of Defendants' actions, Plaintiff suffered loss of property, financial harm, and other damages.

# IV. CLAIMS FOR RELIEF

## COUNT I – FOURTEENTH AMENDMENT (DUE PROCESS)

20. Plaintiff realleges paragraphs 1–19.

21. Plaintiff had a constitutionally protected property interest in his personal belongings.
22. Plaintiff's personal property constitutes tangible property protected under the Fourteenth Amendment and Wisconsin law.
23. Defendants deprived Plaintiff of this property without due process of law, including notice and a meaningful opportunity to be heard.
24. Defendants acted under color of state law in depriving Plaintiff of these rights.

## COUNT II – FOURTH AMENDMENT UNREASONABLE SEIZURE

25. Plaintiff realleges paragraphs 1–19.
26. The removal and disposal of Plaintiff's property constituted a seizure under the Fourth Amendment.
27. This seizure was unreasonable because it was conducted without lawful authority over Plaintiff's property and without proper legal justification.

## COUNT III – 42 U.S.C. § 1983 – JOINT ACTION / CONSPIRACY

28. Plaintiff realleges paragraphs 1–19.
29. Defendants acted jointly and in coordination with one another in carrying out the seizure of Plaintiff's property.
30. State actors and any assisting individuals participated together in the deprivation of Plaintiff's constitutional rights.

## COUNT IV – MUNICIPAL LIABILITY (MONELL)

31. Plaintiff realleges paragraphs 1–19.
32. Shawano County maintained a policy, practice, or custom of executing property removals without adequate safeguards to protect non-party property rights.
33. This policy or lack of oversight was a moving force behind the deprivation of Plaintiff's constitutional rights.

# V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages against individual defendants where permitted by law;

D. Award costs and any allowable fees;

E. Award Plaintiff's losses, including estimated property value of **$6,000.00** and related financial harm;

F. Grant such other relief as the Court deems just and proper.

# VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# VII. RESPECTFULLY SUBMITTED

Dated: _____

/s/ Travis D. Swenby
Travis D. Swenby (Pro Se)
417 Morgan Ave, Apt 8
Junction City, WI 54443
Phone: (715) 310-7022