# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS D. SWENBY,

        Plaintiff,

        v.                       **Case No. 26-CV-874**

SHAWANO COUNTY,
SHAWANO COUNTY SHERIFF'S DEPARTMENT,
JOHN DOES (DEPUTIES),

        Defendants.

## DECISION AND ORDER

Currently pending before the court is Travis D. Swenby's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Swenby's request, the court concludes that Swenby lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Swenby's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**. However, because the court is granting Swenby's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

### I.    Legal Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

## II.   Background

Swenby brings this action against Shawano County, the Shawano County Sheriff's Department, and several "John Doe" deputy sheriffs pursuant to 42 U.S.C. § 1983. (ECF No. 1-2.) Swenby alleges that on January 26, 2024, the defendants "removed, seized, and/or disposed of" his personal property, which he states was "everything present at the location." (ECF No. 1 at 2.) The "supplemental statement of facts" (ECF No. 1-1) explains that the John Doe defendants were executing an eviction, but that Swenby was not a named party in the writ of restitution. Swenby claims that he received no notice of the eviction action, that the defendants provided no authority on scene for their removal of his property, and that he was not given an opportunity to "separate or recover" his belongings. (ECF No. 1 at 2.) He does not question the validity of the eviction action but rather challenges the manner of enforcement. (ECF No. 1-1 at 2.) In addition to this action, Swenby filed a separate lawsuit alleging almost identical facts but on a different date and only naming Shawano County as a party. *See Swenby v. Shawano County,* No. 26-CV-873-BBC (E.D. Wis. May 18, 2026).

### III. Analysis

Swenby brings his claims under 42 U.S.C. §1983, which requires him to prove that the defendants deprived him of a constitutional right while acting under color of state law. *See First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). As a preliminary matter, the Shawano County Sheriff's Department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit." *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Accordingly, Shawano County Sheriff's Department must be dismissed as a defendant.

To prevail on a §1983 action against Shawano County, Swenby would need to demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department. *See Wagner v. Wash. Cty.*, 493 F.3d 833, 836 (7th Cir. 2007) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). He has not done so here. Swenby does not plead any facts beyond conclusory allegations like "Shawano County maintained a policy, practice, or custom of executing property removals without adequate safeguards to protect non-party property rights." (ECF No. 1 at 3.) Nor does Swenby plead any factual content from which the court could plausibly infer that the defendant's alleged conduct is a widespread, municipal custom rather than an isolated event. *See Gill v. City of Milwaukee,* 850 F.3d 335, 344 (7th Cir. 2017) ("The specific actions of the detectives in [plaintiff's] case alone, without more, cannot sustain a *Monell* claim based on the

theory of a de facto policy."); *Palmer v. Marion Cty.*, 327 F.3d 588, 596 (7th Cir. 2003) ("When a plaintiff chooses to challenge a municipality's unconstitutional policy by establishing a widespread practice, proof of isolated acts of misconduct will not suffice…."). Even at this preliminary stage, Swenby's "naked assertions devoid of further factual enhancement" *Iqbal*, 556 U.S. at 678, will not suffice. Dismissal of his claims against the County of Shawano is thus warranted. *See, e.g., Link v. City of Granite City*, No. 25-CV-1802-DWD, 2025 LX 526171, at *7 (S.D. Ill. Dec. 18, 2025) (finding that plaintiff failed to state a plausible *Monell* claim when the allegations only addressed his own experience). Thus, Shawano County will likewise be dismissed as a defendant.

This leaves the Fourteenth Amendment, Fourth Amendment, and conspiracy claims lobbed against the John Doe deputies. To start, Swenby claims that his Fourteenth Amendment right to due process was violated when the deputies deprived him of his property interest absent notice or a meaningful opportunity to be head. (ECF No. 1 at 2-3.) In theory, Swenby has a right to the return of his lawful property under the Fourteenth Amendment's Due Process Clause, which protects against deprivations of property. *See Foster v. Tanem*, No. 21-cv-1244-pp, 2022 U.S. Dist. LEXIS 151850, at *9 (E.D. Wis. Aug. 24, 2022) (citing *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017)). But "[c]laims for deprivation of property are not actionable under §1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally." *Foster*, 2022 U.S. Dist. LEXIS 151850, at *10 (collecting cases); *see also Soldal v. Cty. of Cook*, 942 F.2d 1073, 1075 (7th Cir. 1991)

("The Supreme Court has held that the denial of procedural rights … as a result of the random and unauthorized acts of subordinate public officers (the deputy sheriffs in this case) is not actionable under section 1983 unless the plaintiff lacks adequate judicial remedies under state law.") In other words, the unauthorized deprivation of personal property violates the due process clause only when no post-deprivation procedures are available.

"The state of Wisconsin provides several post-deprivation procedures for challenging the taking of property." *Foster,* 2022 U.S. Dist. LEXIS 151850, at *10. Further, Wisconsin tort law provides remedies for property that is converted, damaged, or destroyed by another. *Vollmer v. Green Bay City Police Dep't*, No. 18-C-1629, 2018 U.S. Dist. LEXIS 197625, at *6-7 (E.D. Wis. Nov. 20, 2018) (citing Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); 893.52 (action for damages from injury to property)). Swenby does not allege what steps he took to recover his property following the seizure. Absent more information about his efforts, and given that several post-deprivation procedures appear available, the court will dismiss his due process claim. *See Waldon v. Wilkins*, 400 F. App'x 75, 80 (7th Cir. 2010) ("Because plaintiffs have not alleged that the state's post-deprivation remedies failed to satisfy due process, they have not stated a due process violation.").

As to Swenby's accusation that the defendants engaged in a conspiracy, his single assertion that the defendants "acted jointly and in coordination with one

another in carrying out the seizure" is not a viable claim. *See, e.g., Hatch v. Gorman & Co. LLC,* No. 25-cv-238-jdp, 2025 LX 487128, at \*12 (W.D. Wis. Oct. 31, 2025) (rejecting conspiracy claim because the plaintiff's "sweeping allegations of conspiracy lack any factual support"). Swenby's conspiracy claim will likewise be dismissed.

Swenby further argues that the seizure of his personal property on the premises was unreasonable under the Fourth Amendment. (ECF No. 1 at 3.) The Fourth Amendment protects against unreasonable seizures of property, including personal property, by government actors. *See Bell v. City of Chi.*, 835 F.3d 736, 739 (7th Cir. 2016) (citing *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 80 L. Ed. 2d 85 (1984)). A seizure of personal property "occurs when there is some meaningful interference with an individual's possessory interests in that property." *Soldal*, 506 U.S. at 61 (quotations and citation omitted). There is little doubt that the physical removal of Swenby's property amounts to a seizure. *See Waldon v. Wilkins*, 400 F. App'x 75, 80 (7th Cir. 2010) ("It cannot be disputed that the physical removal of plaintiffs' belongings from the demolition site constituted a 'seizure' under the Fourth Amendment."). Thus, Swenby's claim turns on whether the seizure was unreasonable.

It appears that the defendants executed an eviction pursuant to a writ of restitution, of which Swenby does not contest the validity. (ECF No. 1-1 at 2.) But an authorized seizure is not reasonable if carried out in an unreasonable manner. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1011 (7th Cir. 2000) ("Even if a court order directed C.A.'s removal, or exigent circumstances or probable cause justified C.A.'s

seizure, the manner in which the defendants seized C.A. may still make his seizure unreasonable."); *see also Allen v. Dimitrijevic*, No. 23-1647, 2023 U.S. App. LEXIS 31790, at *7 (7th Cir. Nov. 30, 2023) ("If the sheriff had, for instance, effectuated the eviction by using excessive force or unduly destroying personal property, he could be personally liable.") Swenby states that he was not given an opportunity to separate or recover his belongings prior to their removal. (ECF No. 1 at 2.) He argues that the writ, which authorized the deputies to seize the property of someone else, was inapplicable to Swenby and therefore the seizure of his belongings was unreasonable. It is not clear to what level Swenby communicated this to the defendants at the time. At this early stage, however, the court agrees that the removal of Swenby's property without his name on the writ was unreasonable. *See, e.g., Young v. Smith*, No. 1:16-cv-03395-TWP-DML, 2017 U.S. Dist. LEXIS 132234, at *22 (S.D. Ind. Aug. 17, 2017) (finding that the deputy's removal of plaintiffs' property was unreasonable when their names were not listed on the writ). Accordingly, Swenby may proceed on his Fourth Amendment claim for the unreasonable seizure of his personal property against the John Doe deputies.

Because Swenby does not know the names of the John Doe defendants, the court will add Shawano County Sheriff George Lenzner as a defendant for the limited purpose of helping Swenby identify the deputies that executed the eviction. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Lenzner does not have to respond to the complaint. After Sheriff Lenzner's attorney files a notice of appearance in this case, Swenby may serve discovery

requests upon Sheriff Lenzner (by mailing the requests to her attorney at the address in the notice of appearance) to obtain information that will help him identify the defendants.

For example, Swenby may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Swenby does not state a claim against Sheriff Lenzner, his discovery requests must be limited to information or documents that will help him learn the defendants' names. Plaintiff may not ask Sheriff Lenzner about any other topic, and Sheriff Lenzner is under no obligation to respond to requests about any other topic.

After Swenby learns the names of the defendants, he should file a motion to substitute the defendants' names for the John Doe placeholders. Generally, a plaintiff must file an amended complaint when adding a defendant, but because Swenby is *pro se* and his allegations against the defendants are clearly stated in the complaint, the court will allow him to substitute the defendants' names for the placeholders. The court will dismiss Sheriff Lenzner as a defendant once Swenby identifies the defendants' names. After the defendants have an opportunity to respond to Plaintiff's complaint, the court will set a deadline for discovery. During discovery, Plaintiff may serve discovery requests to obtain the information he believes he needs to prove his claim.

Swenby must identify the name of the John Doe Defendants within sixty days of Sheriff Lenzner's attorney filing a notice of appearance. If he does not or does not

explain to the court why he is unable to do so, the court may dismiss this case based on Plaintiff's failure to diligently pursue it. See Civil L. R. 41(c). Accordingly,

**IT IS THEREFORE ORDERED** that Swenby's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that defendants Shawano County and the Shawano County Sheriff's Department be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Shawano County Sheriff George Lenzner shall be added as a defendant for the limited purpose of helping Swenby identify the name of the John Doe defendants. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that Sheriff Lenzner does not have to respond to the complaint; however, he shall respond to discovery requests that Swenby serves in an effort to identify the John Doe defendants' names. Sheriff Lenzner does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Swenby must identify the John Doe defendants' names within 60 days of Sheriff Lenzner's attorney filing a notice of appearance. If Plaintiff does not identify the John Doe defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon

11

defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

> Clerk of Court
> Jefferson Court Building
> 125 S. Jefferson St - Room 102
> Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 26th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge