# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRAVIS D. SWENBY,

      **Plaintiff,**

      v.                                  **Case No. 26-CV-874**

SHAWANO COUNTY,
JOHN DOES (DEPUTIES),
CLOVERLEAF MHP LLC,

      **Defendants.**

      v.

GEORGE LENZNER,

      **Nominal Defendant.**

## DECISION AND ORDER

Travis D. Swenby brought this action after his personal property was removed and destroyed in the course of an eviction. Swenby's original complaint named Shawano County, the Shawano County Sheriff's Department, and several "John Doe" deputy sheriffs as defendants. (ECF No. 1.) Because Swenby is proceeding in forma pauperis, the court screened his complaint to ensure that it was legally sufficient. 28 U.S.C. § 1915(e)(2). Shawano County and the Shawano County Sheriff's Department were dismissed as defendants, but Swenby was allowed to proceed on a Fourth Amendment unreasonable seizure claim against the John Doe deputies that

facilitated the eviction. Swenby has since filed an amended complaint, which the court will once again screen. The court must dismiss the complaint—all of it, or just part of it—if Swenby raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Swenby's amended complaint is largely similar to the ones he previously filed.[1] He again alleges that the John Doe deputies removed and destroyed his personal property despite his name not being on the writ of restitution. (ECF No. 9 at 2.) Newly added, though, is the allegation that Cloverleaf MHP, LLC, the apparent owners and operators of the "manufactured housing community" in which the underlying events took place, acted in concert with the John Doe deputies to execute the eviction. (ECF No. 9 at 1-2.)

Because Swenby brings his claims under 42 U.S.C. §1983, he must prove that the named defendants deprived him of a constitutional right while acting under color of state law. *See First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). In his amended complaint, Swenby states that he had personal property inside the residence subject to the writ of restitution. (ECf No.9 at 2.) He alleges that the John Doe deputies removed and destroyed his property despite him not being named on the writ. (ECF No. 9 at 2.) He further states that he was not given an opportunity to separate or retrieve his belongings. (ECF No. 9 at 2.)

---

[1] Swenby filed a separate lawsuit alleging almost identical facts but on a different date and only naming Shawano County as a party; that suit was dismissed for failure to state a claim. *See Swenby v. Shawano County,* No. 26-CV-873-BBC (E.D. Wis. May 18, 2026).

A writ of restitution directs the sheriff to execute the eviction of those named in the writ and remove "all personal property not the property of the plaintiff." *See* Wis. Stat. § 799.44. But for a search or seizure to comply with the Fourth Amendment, it must be objectively reasonable. *Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016). Seizing property that is not subject to a court order is presumptively unreasonable. *Hansen v. Cannon*, 122 F. App'x 265, 270 (7th Cir. 2004) (citing *Soldal v. Cook Cty.*, 506 U.S. 56, 63-69, 113 S. Ct. 538, 544-47, 121 L.Ed.2d 450, 459-63 (1992)); *see also Thomas v. Sheahan*, 370 F. Supp. 2d 704, 711 (N.D. Ill. 2005) (explaining that an eviction order does not render a seizure automatically reasonable).

It is not clear what Swenby communicated to the John Doe deputies at the time, nor why his property was not subject to the writ by nature of it being in the residence. But at this early stage, his allegations surrounding the John Doe deputies' removal and destruction of his personal property are sufficient to proceed. *See, e.g., Young v. Smith*, No. 1:16-cv-03395-TWP-DML, 2017 U.S. Dist. LEXIS 132234, at *22 (S.D. Ind. Aug. 17, 2017) (finding that the deputy's removal of plaintiffs' property was unreasonable when their names were not listed on the writ); *see also Allen v. Dimitrijevic*, No. 23-1647, 2023 U.S. App. LEXIS 31790, at *7 (7th Cir. Nov. 30, 2023) ("If the sheriff had, for instance, effectuated the eviction by using excessive force or unduly destroying personal property, he could be personally liable."). Because Swenby does not know the names of the John Doe deputies, Shawano County Sheriff George Lenzner will remain as a nominal defendant for the limited purpose of helping

identify the deputies that executed the eviction. See *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 556 (7th Cir. 1996).

Section 1983 only applies to constitutional violations committed by defendants acting under color of state law. *Wilson v. Warren Cnty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016). Whether Cloverleaf, as a private entity, can also be held liable depends on if it acted in concert with the state deputies to facilitate the eviction. *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). A private actor "can act under color of law if there is 'evidence of a *concerted effort* between a state actor and that individual.'" *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (citing *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Mere allegations of joint action are not sufficient. *Id.* Here, Swenby alleges that Cloverleaf "communicated with and coordinated with law enforcement during the execution of the writ." (ECF No. 9 at 2.) He further claims that Cloverleaf "participated in or directed aspects of the property removal process, including identifying property to be removed or disposed of." (ECF No. 9 at 2.)

Swenby's conclusory allegation of joint action, even coupled with the claim that Cloverleaf was present at the removal, is not enough to hold Cloverleaf liable as a state actor. Presumably, every execution of a writ of restitution requires some sort of communication between the plaintiff (property owner) and law enforcement. And Swenby does not allege any other communication or coordination that evinces a concerted effort between Cloverleaf and the John Doe deputies. *See, e.g., Spiegel v. McClintic*, No. 16 C 9357, 2017 U.S. Dist. LEXIS 158143, at *16 (N.D. Ill. Sep. 27, 2017) (explaining that allegations "that require some imagination and speculation to

4

conclude that an agreement existed are insufficient."). There are no allegations that Cloverleaf misled the deputies as to Swenby's identity or the validity of the eviction. It is not even clear if Cloverleaf knew who Swenby was, or whether Cloverleaf was aware that any property in the residence subject to the writ belonged to Swenby.

As Swenby's complaint stands, Cloverleaf was not a "willful participant", *Fries*, 146 F.3d at 457, in the deprivation of his constitutional rights. *See Cole v. Faulkner*, No. 24 C 12117, 2025 U.S. Dist. LEXIS 26800, at *9 (N.D. Ill. May 9, 2025) ("Defendants did not become state actors for § 1983 purposes merely by pursuing eviction…."); *Young v. Smith*, No. 1:16-cv-03395-TWP-DML, 2017 U.S. Dist. LEXIS 132234, at *16 (S.D. Ind. Aug. 17, 2017) ("The simple fact that [private actor] accompanied Deputy Smith to execute the Writ is not evidence that the two made a 'concerted' effort to deprive the Plaintiffs of a constitutional right."); *Johnson v. Di Paolo*, No. 14-cv-08199, 2016 U.S. Dist. LEXIS 153747, at *9 (N.D. Ill. Nov. 4, 2016) ("Using the [sheriff's office] to effectuate an eviction is not state action under 1983."); *Obi v. Chase Home Fin., LLC*, Civil Action No. 10 C 3154, 2010 U.S. Dist. LEXIS 123201, at *17 (N.D. Ill. Nov. 19, 2010) ("Participating in an eviction does not turn a private entity into a state actor."). Accordingly, the court will dismiss Cloverleaf as a defendant.

Swenby additionally fails to state a cognizable claim against Shawano County. The amended complaint does not come close to alleging that his property was seized based on some official Shawano County policy or widespread custom. *See Gen. Parker v. United States HUD*, No. 24-2567, 2025 LX 228909, at *6 (7th Cir. Feb. 28, 2025)

5

(citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)) ("A municipality or municipal entity can be liable under § 1983 only if it had an actual or de facto policy or custom that caused a constitutional violation."). Thus, the court will again dismiss Shawano County as a defendant.

Swenby may proceed on his Fourth Amendment claim for the unreasonable seizure of his personal property against the John Doe deputies. All other named defendants will be dismissed. Shawano County Sheriff George Lenzner will remain as a nominal defendant for the limited purpose of helping Swenby identify the deputies that executed the eviction. Swenby should look to the court's prior decision for guidance on how to conduct discovery to determine the identity of the John Doe deputies. Swenby must identify the name of the John Doe Defendants within sixty days of Sheriff Lenzner's attorney filing a notice of appearance. Accordingly,

**IT IS THEREFORE ORDERED** that defendants Shawano County and Cloverleaf MHP, LLC be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Shawano County Sheriff George Lenzner shall remain as a nominal defendant for the limited purpose of helping Swenby identify the name of the John Doe defendants. Sheriff Lenzner does not have to respond to the complaint; however, he shall respond to discovery requests that Swenby serves in an effort to identify the John Doe defendants' names. Sheriff Lenzner does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Swenby must identify the John Doe defendants' names within 60 days of Sheriff Lenzner's attorney filing a notice of

6

appearance. If Swenby does not identify the John Doe defendants' names by the deadline or advise the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons, and this order upon defendants. Even though the plaintiff has been permitted to proceed in forma pauperis in this case, the plaintiff is still responsible for the cost of serving the complaint on the defendants. The plaintiff is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff is again advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

Dated at Green Bay, Wisconsin this 29th day of June, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
