**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TRAVIS D. SWENBY,**

**Plaintiff,**

**v.** **Case No. 26-CV-874**

**GEORGE LENZNER,**
**JOHN DOES (DEPUTIES),**

**Defendants.**

---

## ORDER

---

Travis D. Swenby, proceeding without an attorney, filed this action on May 18, 2026. (ECF No. 1.) Accompanying his complaint was a motion to proceed without prepayment of the filing fee. (ECF No. 2.) The court granted that motion, screened his complaint, *see* 28 U.S.C. § 1915(e)(2), substituted Shawano County Sheriff George Lenzner as a nominal party to facilitate the identification of the John Doe defendants, and ordered the United States Marshals Service to serve Sheriff Lenzner. (ECF No. 4.)

On June 12, 2026, Swenby filed an amended complaint. (ECF No. 9.) The court screened that amended complaint on June 29, 2026, and again ordered the Marshals Service to serve Sheriff Lenzner.

The Marshals Service returned an executed summons on July 6, 2026, indicating that Sheriff Lenzner had been served on July 2, 2026. (ECF No. 14.) The summons does not indicate whether service was of the original or amended complaint.

On July 23, 2023, Attorney Maxwell Congdon filed a letter. Congdon has not filed a notice of appearance in this action but nonetheless states, "Defendants respectfully request that the Court conduct a screening of the amended complaint and issue a corresponding screening order." (ECF No. 16.)

Swenby submitted a "Motion for Status and Clarification Regarding Procedural Status of this Matter." (ECF No. 17.) Swenby correctly notes that this court has already screened his amended complaint, and thus he seeks clarification as to whether the court will conduct any additional screening and whether the 60-day deadline for him to identify the John Doe defendants (which the court ordered to start with the filing of defense counsel's notice of appearance) began with counsel's letter. (ECF No. 17.)

The court having screened Swenby's amended complaint, the defendant is required to answer or otherwise respond to the complaint within 21 days of service. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). If a defendant fails to file a timely answer or otherwise respond to a complaint, a plaintiff may seek default. *See* Fed. R. Civ. P. 55. Counsel's letter was not a notice of appearance. Counsel for the defendant having not filed a notice of appearance, Swenby's 60-day clock for identifying the John Doe defendants has not yet begun to run. Beyond this basis procedural outline, the court

cannot provide any further clarification. The court is prohibited from providing legal advice to any litigant.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion for Status and Clarification (ECF No. 17) is **dismissed**.

Dated at Green Bay, Wisconsin this 13th day of August, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge